UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| BRIAN A. JONES, | ) |
| Plaintiff, | ) |
| VS. | ) Civil Action No. SA-17-CA-1018-XR |
| ALLSTATE INSURANCE CO., | ) |
| Defendant. | ) |

**REMAND ORDER**

On this date, the Court considered its jurisdiction over this removed case, specifically Defendant's Amended Notice of Removal filed in response to this Court's Show Cause Order and Plaintiff's Opposed Motion to Remand (docket no. 4).

**Background**

Plaintiff Brian Jones filed this action in state court against his insurer, Allstate. He alleges that he purchased a house in 2015 and Allstate inspected the property and then provided homeowner's insurance. In April 2016, there was a hail storm, and the home was damaged. Plaintiff filed a claim, and Allstate adjusted the claim and paid for repairs to the metal patio roof, turbine vents and metal flashing on the roof, and a broken window. Plaintiff alleges that the asphalt shingle roof was damaged and needs repair or replacement, but Allstate has refused to cover the damage. Plaintiff sues Allstate for breach of contract and violations of Chapter 541 of the Texas Insurance Code (unfair settlement practices), and seeks as damages the cost of repair/replacement of the roof, loss of Plaintiff's income for the time it took him to obtain two estimates from roofing companies

(he is a private attorney), and attorney's fees. Plaintiff brought the case in County Court, alleging level 1 discovery, which caps damages at $100,000.

Defendant Allstate removed the case on the basis of diversity jurisdiction, asserting that the amount in controversy exceeds $75,000. This Court issued a Show Cause Order, finding that Defendant had failed to meet its burden to show that the amount in controversy likely exceeded $75,000, and directing Defendant to file an amended Notice of Removal that adequately demonstrated the amount in controversy. Shortly after, Plaintiff filed his motion to remand on the basis that the amount in controversy requirement was not met. He included his demand letter to Allstate, which sought a total of $9,771.00, and Allstate's response letter declining the demand and indicating Allstate had received another estimate for the roof in the amount of $10,450.00. Motion to Remand Ex. A, B. Defendant has responded to the motion to remand and has filed an amended Notice of Removal, still contending that the amount in controversy exceeds $75,000.

**Analysis**

"When the plaintiff's complaint does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $[75,000]." *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir.1993). The defendant may do so by showing that it is facially apparent from the petition that the claims are likely above $75,000 or by setting forth the facts in controversy that support a finding of the requisite amount. *Robertson v. Exxon Mobil Corp.*, 814 F.3d 236, 240 (5th Cir. 2015); *Manguno v. Prudential Prop. & Cas. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Where the district court is making the "facially apparent" determination, the proper procedure is to look only at the face of the complaint and ask whether the amount in controversy is likely to exceed $75,000.

In its original Notice of Removal, Defendant based the amount in controversy on the following assertions: (1) "Plaintiff's Original Petition recites that they are seeking actual damages, statutory damages, loss of income, and attorney's fees for breach of contract and violations of Chapter 541 of the Texas Insurance Code relating to the Defendant's alleged failure to properly adjust the claim for Plaintiff's alleged property damage which purportedly resulted in physical damages to Plaintiff's home." and (2) "Plaintiff's Petition states Plaintiff is seeking damages 'in an amount within the jurisdictional limits of this court.' The statutory maximum jurisdictional limit for Texas County Courts is $100,000.00. Thus, Plaintiff's Petition shows on its face, that Plaintiff's claims are in excess of $75,000.00." Notice of Removal ¶ 4.

In its Show Cause Order, the Court disagreed that the face of the petition demonstrates that the amount in controversy exceeds $75,000, and noted that in fact the allegations in the petition appear to demonstrate that the damages sought are *not* likely to exceed $75,000. As to Defendant's first assertion concerning the various types of damages sought by Plaintiff, the fact that a plaintiff claims a variety of damages does not suffice; otherwise " a plaintiff claiming a variety of damages would always meet the amount in controversy requirement, regardless of the true extent of the underlying loss." *Martinez*, 2017 WL 3309096, at *3 (quoting *Hannah v. Allstate Texas Lloyd's*, No. EP-11-CV-269-KC, 2011 WL 5325257 (W.D. Tex. Nov. 2, 2011)). Based on the specific facts alleged, which showed that Plaintiff was seeking the cost of repair/replacement for an asphalt shingle roof (typically $15,000 or less) and his loss of income during the time he obtained estimates (not likely to exceed $2,000), the Court concluded that the amount in controversy appeared to be no more than $17,000, plus attorney's fees. Further, although the Court noted that statutory treble damages are available under Chapter 541 for knowing conduct, it also noted that (1) the petition does not

allege that Defendant acted knowingly, (2) the petition does not appear on its face to be seeking treble damages; and (3) treble damages are not enumerated in the damages section of the petition, which lists only "(A) Cost of Repair/Replacing of Plaintiff's Roof; (B) Loss of Income required time to obtain estimate because Mr. Jones is a private practice attorney; and (C) Court Costs and Attorney Fees."[1]

With regard to Defendant's assertion concerning the $100,000 jurisdictional limits of the county court, Plaintiff correctly notes that the jurisdiction of a County Court at Law includes cases in which the matter in controversy exceeds $500 but does not exceed $200,000. Motion to Remand at 4 (citing TEX. GOV'T CODE § 25.0003). Plaintiff did not plead a damages range in accordance with Texas Rule of Civil Procedure, but did plead Discovery Level 1, which the Court noted caps damages at $100,000. The Show Cause Order explained that this failed to prove anything other than that the amount in controversy would not exceed $100,000.00; it could be any amount below that. This is a matter of basic logic.[2]

---

[1] Although Plaintiff asserts both breach-of-contract claims and Texas Insurance Code claims, he would not recover the cost of repair/replacement of the roof under both causes of action, since this would be double recovery. But even if Defendant is contending that "actual damages" are for the contract claim and "statutory damages" are for the Insurance Code claim and that Plaintiff would be seeking both, that still only amounts to $30,000. In addition, Plaintiff does not plead claims under Chapter 542, which would include interest penalties, but even if those were included, the amount in controversy is not likely to exceed $75,000.

[2] The Court notes that since Texas amended Texas Rule of Civil Procedure 47 in 2013 to require a pleading to contain a statement that the damages sought are within jurisdictional limits of the court and a statement that the party seeks a pre-defined range of damages, courts have routinely rejected the argument that a petition asserting damages in the range of "$100,000 or less" demonstrates that the amount in controversy exceeds $75,000. *See, e.g.*, *Martinez v. Allstate Texas Lloyd's*, No. 3:16-CV-2375-L-BK, 2017 WL 3309096, at *3 (N.D. Tex. Jan. 11, 2017); *Salinas v. Allstate Texas Lloyd's*, No. 7:16-CV-239, 2016 WL 9415193, at *2 (S.D. Tex. July 18, 2016); *Martinez v. State Farm Lloyds*, No. 7:16-CV-183, 2016 WL 8738406, at *2 (S.D. Tex. June 28, 2016); *Johansen v. Beneficial Financial I, Inc.*, No. 1:14-CV-584, 2015 WL 13306493, at *2 (E.D. Tex. Feb. 24, 2015); *Oliver v. CitiMortgage*, No. 3:13-CV-2566-G, 2014 WL 285218, at *3 (N.D. Tex. Jan. 27, 2014).

In its Amended Notice of Removal, Defendant "disagrees" with the Court's conclusion that the face of petition is insufficient to demonstrate that the amount in controversy exceeds $75,000, Notice of Removal ¶ 6, and again points to the fact that Plaintiff's petition "recites that he is seeking actual damages, including damages for repair/replacement of his roof, statutory damages, loss of income, and attorneys' fees for breach of contract and violations of Chapter 541." Notice of Removal ¶ 8. But the only actual damages noted in the petition would be the cost to repair or replace the asphalt shingle roof; no other damages, such as mental anguish, are pled. Defendant provides no additional information concerning the potential cost of repair or replacement of the roof, which the Court already noted would not typically exceed $15,000, and does not refute Plaintiff's evidence that this cost clearly is less than $11,000.

Regarding the "loss of income," Defendant notes that the motion to remand states Plaintiff is seeking to recover his "loss of income to date," which "Defendant interprets . . . as all of Plaintiff's potential income for an unknown period of time." Amended Notice of Removal ¶ 8. The petition clearly limits loss of income to the "time to obtain estimate" and Plaintiff's demand letter to Allstate listed this amount at $500.00. Even considering the Notice of Removal's assertions concerning all of Plaintiff's lost time "due to necessary involvement in this case such as: filing the initial claim, responding to discovery, and being present during trial [estimated at one day]," this amount is not likely to push the amount in controversy near the $75,000 threshold.

Last, Defendant asserts that the Court may consider policy limits, penalties, statutory damages, and punitive damages. But the Court considers only the damages that are actually pled. And while courts have recognized policy limits as a relevant factor for determining the amount in controversy in some cases, those cases are clearly distinguishable. In *St. Paul Reinsruance Co. v.*

*Greenberg*, 134 F.3d 1250 (5th Cir. 1998), the insurer sought a declaratory judgment regarding coverage, and the Court noted that in such a declaratory judgment action, "the object of the litigation is the policy and the value of the right to be protected is [the insurer's] potential liability under that policy." This is not a declaratory judgment action on the issue of coverage, nor is there any indication that damages might reach or exceed policy limits. Defendant has conceded some liability, and the only dispute is over the asphalt shingle roof. Even in *Greenberg*, the Court looked to the actual issues in dispute, noting that "St. Paul sets out its reasons for denying coverage under the policy, but asserts neither that Greenberg has expressly threatened to seek statutory penalties or punitive damages nor that St. Paul has acted with bad faith or intent." *Id.* at 1254; *see also Martinez*, 2017 WL 3309096, at *3 (affidavit concerning policy limits did not constitute sufficient evidence of amount in controversy absent evidence of the extent or value of the property damage). The cases that Defendant cites in the Amended Notice of Removal (at ¶ 8) and the Response to the Motion to Remand (at ¶ 10) all involved additional claims, such as claims for mental anguish damages and punitive damages.

Defendant contends that the Court should apply "common sense" to the amount-in-controversy inquiry and that Plaintiff is engaged in artful pleading by keeping any mention of actual dollar figures out of his petition, while its evidence "clearly demonstrate[s] that the amount in controversy is likely to exceed jurisdictional requirements." Response ¶ 14. But "common sense" does not involve simply listing the types of claims a plaintiff asserts, without factual context, or pointing to policy limits or court jurisdictional limits as somehow determining the amount in controversy. As to Defendant's assertion that Plaintiff is engaged in artful pleading, the Plaintiff is the master of his complaint, and he decides which claims and damages to pursue. Moreover, Texas

law prohibits the Plaintiff from specifying the amount of damages sought, and in any event, Plaintiff's demand letter affirmatively proves that Plaintiff is not engaged in artful pleading to hide the true amount in controversy. His demand sought only the specific damages pled (roof repair/replacement and lost income) and no others, in an amount clearly far below $75,000. Thus, applying common sense, as Defendant insists we should, the petition on its face indicates that the amount in controversy likely does *not* exceed $75,000, and all other evidence available to Allstate at the time of removal only reinforced this fact, since the Plaintiff's demand letter was limited to the damages pled in the petition and totaled $9,771.00.[3]

Accordingly, Defendant has failed to satisfy its burden of demonstrating that the amount in controversy likely exceeds $75,000. In addition, because Defendant lacked an objectively reasonable basis for removal, the Court grants Plaintiff's request for an award of attorney's fees related to the removal under 28 U.S.C. § 1447(c). As discussed, there is no reasonable basis for concluding that the face of the petition demonstrates that the amount in controversy likely exceeds $75,000, and Allstate in fact possessed evidence indicating that the amount in controversy was far below that amount at the time it removed this case. Plaintiff seeks $3,876 in fees and $125.52 in costs and provides an itemized list of time spent on the case. However, these itemizations include all time spent on the case through October 4, not fees and costs related to the removal, which occurred on October 11, 2017. Section 1447(c) permits an award of costs only for "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Thus,

---

[3] The petition seeks damages for "(A) Cost of Repair/Replacing of Plaintiff's Roof; (B) Loss of Income for required time to obtain estimate because Mr. Jones is a private practice attorney; and (C) Court Costs and Attorney Fees." The demand letter itemizes the following damages: $7,756.00 Cost to repair/replace asphalt shingle roof; $500.00 Loss of income for required time to obtain estimate because Mr. Jones is a private practice attorney; $1,500.00 Attorney Fees; and $15.00 certified letter.

the Court is unable to determine a proper award amount on this record.

## Conclusion

The motion to remand (docket no. 4) is GRANTED and this case is remanded. The Court finds that it lacks subject matter jurisdiction over this removed case because the requirements for diversity jurisdiction are not satisfied. This case is therefore REMANDED pursuant to 28 U.S.C. § 1447(c),(d) for lack of subject matter jurisdiction.

The Court retains jurisdiction to consider the award of expenses and attorney's fees related to removal. Should Plaintiff desire an award of costs and expenses, including attorney's fees, incurred as the result of the removal, he must submit an affidavit within seven days of this Order detailing costs and expenses incurred as a result of the removal. Defendant shall then have seven days to respond in opposition.

SIGNED this 25th day of October, 2017.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE